## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MERYEM BENTAOUS, individually and on behalf of others similarly situated,** * | |
| * | |
| ***Plaintiff*,** * | |
| **vs.** * | **Civil Action No. 1:13-cv-3314** |
| **ASSET ACCEPTANCE, LLC** * | |
| **1209 Orange Street** | |
| **Wilmington, DE 19801** * | |
| **Serve on:** * | |
| **The Corporation Trust** * | |
| **Incorporated** | |
| **351 West Camden Street** * | |
| **Baltimore, MD 21201** | |
| * | |
| **and** | |
| * | |
| **FULTON FRIEDMAN &** | |
| **GULLACE LLP** * | |
| **28 East Main Street** | |
| **Suite 500** * | |
| **Rochester, NY 14614** | |
| * | |
| **Serve on:** | |
| * | |
| **Scott Whiteman** | |
| **7350-B Grace Drive** * | |
| **Columbia, MD 21044** | |
| * | |
| ***Defendants*.** | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Meryem Bentaous, ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, E. David Hoskins, Max F. Brauer and The Law Offices of E. David Hoskins, LLC, and for her Class Action Complaint against Defendants, Asset

Acceptance, LLC ("Asset") and Fulton Friedman & Gullace LLP ("FFG"), alleges and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (hereinafter "MCPA").

2.      The Plaintiff alleges that the consumer debt collection practices of Defendants violate the FDCPA, MCDCA and MCPA. These allegations include intentionally filing collection lawsuits beyond the date of the applicable statute of limitations and misleading consumers and the Courts of Maryland by falsely stating that the underlying credit obligation is governed by the four-year statute of limitations found at Md. Ann. Code Com. Law § 2-725(1), a provision that applies only to disputes arising out of alleged breaches of contracts for the sale of goods:

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

3.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection

activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

4.      The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

5.      The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. *See* 15 U.S.C. § 1692k(a); *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp.2d 719, 725 (D. Md. 2011).

6.      The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

7.      To prohibit harassment and abuses by debt collectors, the FDCPA, at 15 U.S.C. § 1692f prohibits a debt collector from using unfair or unconscionable means to collect or

attempt to collect any debt. In addition, the FDCPA, at 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken.

8.     The MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204. Specifically, the MCDCA states that a "person collecting or attempting to collect an alleged debt arising out of a consumer transaction," *id*. § 14–201(b), may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." *Id*. § 14–202(8).

9.     The Maryland Consumer Protection Act ("MCPA") prohibits "unfair or deceptive trade practices," Md. Code Ann., Com. Law § 13–303, and expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the MCDCA. *Id*. § 13–301(14) (iii).

## JURISDICTION AND VENUE

10.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331. Supplemental jurisdiction exists over the MCDCA and MCPA claims pursuant to 28 U.S.C. § 1367.

11.     Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. FFG maintains its principal Maryland office in Howard County, Maryland and Plaintiff resides in Montgomery County, Maryland.

## PARTIES

12.     Plaintiff, Meryem Bentaous, is an individual who currently and at all times relevant to this litigation resides in Montgomery County, Maryland.

4

13.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person allegedly obligated to pay a debt. Plaintiff's alleged debt arises out of a credit account with CIT OnLine Bank under account number "XXXXXXXXXXXXXX-0134" that was used to purchase a personal computer to be used for personal, family or household purposes. For these reasons, Plaintiff is also a "consumer" as defined by the MCPA. Plaintiff, an individual, is a "person" as that term is defined by the MCDCA and the MCPA.

14.     Defendant, Asset Acceptance, LLC is a foreign limited liability company. Asset is registered to do business in Maryland, and is licensed as a debt collector in Maryland. Asset is regularly engaged, for profit, in the collection of debts allegedly owed by consumers, which it allegedly purchases after these debts have gone into default. Asset uses the United States Mail in furtherance of their collection of debts alleged to be due another.

15.     Defendant Asset hired FFG in furtherance of its collection of Plaintiff Meryem Bentaous' alleged debt.

16.     Defendant FFG is a foreign limited liability partnership. FFG is registered to do business in Maryland, but is not currently in good standing with the Maryland Department of Assessments & Taxation. FFG is licensed as a debt collector in Maryland. FFG is headquartered in Rochester, New York and maintains a Maryland office at 7350-B Grace Drive in Columbia, Maryland. FFG is a company engaged in the business of collecting debts alleged to be due another in the State of Maryland, and uses the United States Mail in furtherance of its collection of debts alleged to be due another.

17.     At all relevant times Defendants Asset and FFG acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA. Defendants also acted as a "collection agency" under Md. Code., Bus. Reg., § 7-101(c). Defendant Asset allegedly purchased a credit

account allegedly owed by Meryem Bentaous to CIT OnLine Bank, and Asset through FFG used the United States mail in furtherance of its collection efforts.

18.    At all relevant times Defendants Asset and FFG acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

19.    The acts of Asset and FFG alleged herein were performed by their respective employees acting within the scope of their actual or apparent authority.

20.    At all relevant times each Defendant was the principal, agent, partner, affiliate, successor in interest, or predecessor in interest of the other Defendant, and was engaged with the other Defendant in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

## FACTUAL ALLEGATIONS

### A.    The Subject Debt

21.    Plaintiff Meryem Bentaous incurred and later allegedly defaulted on a debt (the "subject debt") in the amount of $2,239.57 owed to CIT OnLine Bank, for which the last payment was allegedly made on September 1, 2009.

22.    The subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA, as it allegedly arose out of a credit account that was used primarily for personal, family, or household purposes.

23.    The subject debt is a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA.

6

24.    The subject debt was allegedly sold or transferred to WebBank on or about November 14, 2009, and allegedly sold or transferred to Dell Revolver Company LP and Dell Financial Services LLC on or about May 30, 2012 and then to Asset on or about June 4, 2012.

25.    On August 13, 2013, Asset, through FFG filed a lawsuit in the District Court of Maryland for Montgomery County in an attempt to obtain a judgment against the Plaintiff based upon allegations that the Plaintiff had failed to pay the subject debt. The case number was 060200156062013.

26.    Asset's claim was subject to Maryland's three year statute of limitations.

27.    Asset, through FFG, intentionally sued the Plaintiff more than nine months beyond the applicable three year statute of limitations, which expired on September 2, 2012.

28.    In an effort to deceive the Plaintiff (and any Court that might consider entering a default judgment), Asset and FFG included a stamp on the front page of the complaint that falsely stated "4 year statute of limitations under MD Com. Law § 2-725." This stamp was prepared and applied at the direction of FFG's Maryland attorneys without factual or legal justification.

29.    The subject debt is a credit account allegedly entered into between Meryem Bentaous and CIT OnLine Bank and is not a claim based upon the breach of a contract for the sale of goods. Asset and FFG acknowledged that the subject debt was a credit account when they checked the box on the affidavit judgment sheet stating that they did not need to provide proof of the terms and conditions of the contract "because the consumer debt is an unpaid balance on a credit card, the original creditor is or was a financial institution subject to regulation by the Federal Financial Institution Examination Council or a constituent federal agency of that Council, and the claim does not include a demand or request for attorney's fees

7

or interest on the charge-off balance in excess of the Maryland Constitutional rate of six percent per annum."

30.    If the subject debt was, in fact, a claim based upon the breach of a contract for the sale of goods, it would have been subject to the UCC's statute of frauds, under which Asset would be required to allege and prove the existence of a written contract creating the obligation signed by Meryem Bentaous. If the subject debt was a contract for the sale of goods, Defendants made a false representation when they checked the box on the affidavit judgment sheet stating that they did not need to provide proof of the terms and conditions of the contract.

31.    Plaintiff filed a timely notice of intention to defend on September 12, 2013.

32.    On September 27, 2013, Asset and FFG filed a "Motion for Judgment on Affidavit"

33.    Plaintiff then retained undersigned counsel to defend her from the collection lawsuit brought against her by Asset and FFG.

34.    At the start of the trial on October 25, 2013, Asset and FFG dismissed the collection lawsuit with prejudice, thereby acknowledging that the lawsuit lacked merit. By voluntarily dismissing the lawsuit, Asset and FFG prevented the Plaintiff and her counsel from alerting the District Court of the pattern and practice of Asset and FFG to intentionally file time-barred collection lawsuits supported by false claims that a four-year statute of limitations applies.

### B.    Defendants' Policies and Practices

35.    It is the standard policy and practice of Asset and FFG to intentionally sue Maryland consumers beyond the applicable three year statute of limitations in an attempt to

collect consumer debts arising from credit accounts entered into between consumers and CIT OnLine Bank.

36.     It is the standard policy and practice of Asset and FFG to intentionally deceive Maryland consumers (and any Court that might consider entering a default judgment), by including a stamp on the front page of the collection complaints that falsely states "4 year statute of limitations under MD Com. Law § 2-725."

37.     These standard policies and practice violate of §§ 1692e; 1692e(2)(A); 1692e(5) ; 1692e(10) and 1692f of the FDCPA, which prohibit:

> **§ 1692e. False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section...
>
> (2) The false representation of—
>
>> (A) the character, amount, or legal status of any debt; or
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> **§ 1692f. Unfair Practices**
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .

38.     These standard policies and practices also constitute violations of the § 14-202(8) of the MCDCA, which prohibits:

**Proscribed conduct**

In collecting or attempting to collect an alleged debt a collector may not:

(8) Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist.

39.    Violations of the MCDCA are violations of the MCPA pursuant to 13-301(14)(iii) of the MCPA.

## CLASS ALLEGATIONS

40.    Meryem Bentaous brings this action on behalf of two subclasses.

41.    FDCPA Class. The class period for the FDCPA class is one year prior to the filing of this complaint. The class consists of all natural persons who at any time within one year prior to the filing of this complaint were sued by Asset and FFG more than three years after the date of last payment in an attempt to collect on credit accounts originally entered between the consumer and CIT OnLine Bank.

42.    MCDCA and MCPA Class. The class period for the MCDCA and MCPA class is three years prior to the filing of this complaint. The class consists of all natural persons who at any time within three years prior to the filing of this complaint were sued by Asset and FFG more than three years after the date of last payment in an attempt to collect on credit accounts originally entered between the consumer and CIT OnLine Bank.

43.    The identities of all class members are readily ascertainable from the records of Defendants.

44.    Excluded from the class are all managers and directors of Defendants and members of their immediate families, and legal counsel for either side and all members of their immediate families.

45.     This action has been brought and may properly be maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation:

a.      Numerosity: The class is so numerous that joinder of all members is impractical. On information and belief there are more than 100 members of the two sub classes, the actual members of which can be determined during discovery.

b.      Common Questions Predominate: There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal issues are:

i.      Whether the four-year statute of limitations applicable to a claim based upon the breach of a contract for the sale of goods applies to alleged failures to pay credit accounts entered into between Maryland consumers and CIT OnLine Bank.

ii.     Whether Defendants improperly included a stamp on the front page of the collection complaints that falsely states "4 year statute of limitations under MD Com. Law § 2-725."

iii.    Whether Defendants improperly sued members of the classes beyond the applicable Maryland statute of limitations.

iv.     Whether Defendants made a false representation when they checked the box on the affidavit judgment sheet stating that they did not need to provide proof of the terms and conditions of the contract while at the same time claiming that the claim was subject to the UCC statute of limitations.

v.      Whether Defendants violated §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f of the FDCPA by intentionally suing the Plaintiff and the members of the

classes she seeks to represent on time-barred debt.

vi.     Whether Defendants violated § 14-202(8) of the MCDCA by intentionally suing the Plaintiff and the members of the classes she seeks to represent on time-barred debt.

c.     <u>Typicality</u>: Meryem Bentaous's claims are typical of the claims of the members of the classes she seeks to represent. Meryem Bentaous and all members of the classes she seeks to represent have claims arising out of Defendants' common course of conduct complained of herein.

d.     <u>Adequacy</u>: Meryem Bentaous will fairly and adequately protect the interests of the members of the classes she seeks to represent. Meryem Bentaous is committed to vigorously litigate this matter. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this claim.

e.     <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since individual class member's claims for damages are relatively modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for

inconsistent or contradictory adjudications will be avoided.

46.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.    The questions of law and fact common to the members of the class predominate over any questions affecting an individual member.

b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**FIRST CAUSE OF ACTION**
**(The Fair Debt Collection Practices Act)**

47.    Meryem Bentaous incorporates the foregoing paragraphs.

48.    Defendants Asset and FFG materially violated §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f of the FDCPA by actively and intentionally suing Maryland consumers beyond the applicable three year statute of limitations in an attempt to collect consumer debts arising from credit accounts entered into between consumers and CIT OnLine Bank and by including a stamp on the front page of the collection complaints that falsely states "4 year statute of limitations under MD Com. Law § 2-725."

49.    Defendants Asset and FFG materially violated §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f of the FDCPA by actively and intentionally making the material false representation that they did not need to provide proof of the terms and conditions of the contract while at the same time claiming that the claim was subject to the UCC statute of limitations.

50.    As a direct consequence of Defendants' acts, practices and conduct, Meryem Bentaous and the classes she seeks to represent suffered actual damages, including having to

respond to time-barred lawsuits filed against them and communications from Defendants and having money judgments wrongfully entered against them, all resulting in embarrassment, emotional distress, anger and frustration and causing actual injury or loss.

## SECOND CAUSE OF ACTION
### (The Maryland Consumer Debt Collection Act)

51.     Meryem Bentaous incorporates the foregoing paragraphs.

52.     Plaintiff incurred a credit account with CIT OnLine Bank that was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the MCDCA.

53.     Defendants Asset and FFG violated § 14-202(8) of the MCDCA by intentionally suing Maryland consumers beyond the applicable three year statute of limitations in an attempt to collect consumer debts arising from credit accounts entered into between consumers and CIT Online Bank.

54.     As a direct consequence of Defendants' acts, practices and conduct, Meryem Bentaous and the classes she seeks to represent suffered actual damages, including having to respond to time-barred lawsuits filed against them and communications from Defendants and having money judgments wrongfully entered against them, all resulting in embarrassment, emotional distress, anger and frustration and causing actual injury or loss.

## THIRD CAUSE OF ACTION
### (The Maryland Consumer Protection Act)

55.     Meryem Bentaous incorporates the foregoing paragraphs.

56.     Meryem Bentaous and the class she seeks to represent are consumers as defined by the CPA, § 13-101(c).

57.     Under § 13-301(14)(iii) of the CPA, unfair or deceptive trade practices also

include any violation of the MCDCA.

58.     Defendant FFG materially violated §§ 13-301(14)(iii) and 13-303 of the MCPA by actively attempting to collect on the subject debt beyond the applicable statute of limitations and by including a stamp on the front page of the collection complaints that falsely states "4 year statute of limitations under MD Com. Law § 2-725."

59.     Defendant Asset materially violated §§ 13-301(14)(iii) and 13-303 of the MCPA by actively attempting to collect on the subject debt beyond the applicable statute of limitations and by including a stamp on the front page of the collection complaints that falsely states "4 year statute of limitations under MD Com. Law § 2-725."

60.     As a direct consequence of Defendants' acts, practices and conduct, Meryem Bentaous and the classes she seeks to represent suffered actual damages, including having to respond to time-barred lawsuits filed against them and communications from Defendants and having money judgments wrongfully entered against them, all resulting in embarrassment, emotional distress, anger and frustration and causing actual injury or loss.

WHEREFORE, Meryem Bentaous on behalf of herself and the members of the class she seeks to represent requests the following relief:

A.     An order certifying the class and appointing Meryem Bentaous as the representative of the class, and appointing counsel for Meryem Bentaous as counsel for the class;

B.     An award to Meryem Bentaous and the members of the class of statutory damages in the maximum amount of statutory damages provided under 15 U.S.C. § 1692k;

C.     An award of compensatory damages to Meryem Bentaous and the members of the class in the amount of all sums collected and paid to Asset and FFG, presently

estimated to be in excess of $30,000.00;

       D.    An award of pre-judgment and post-judgment interest on all sums awarded to Meryem Bentaous and members of the class she seeks to represent;

       E.    An award to Meryem Bentaous and members of the classes she seeks to represent of reasonable counsel fees and the costs of these proceedings;

       F.    An order of such other and further relief as the nature of this case may require.

## JURY DEMAND

Meryem Bentaous hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Meryem Bentaous prevail on any of her claims in this action.

Respectfully Submitted,


*/s/ E. David Hoskins*
E. David Hoskins, Esq. , No. 06705
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
dhoskins@hoskinslaw.com


*/s/ Max F. Brauer*
Max F. Brauer, Esq., No. 11306
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
maxbrauer@hoskinslaw.com

16