IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

NOV - 4 2014

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

MERYEM BENTAOUS                     *

                                      *

                                      *

v.                               *        Civil No. – JFM-13-3314

                                      *

ASSET ACCEPTANCE, LLC, ET AL.     *

                                   ******

## MEMORANDUM

This is a putative consumer protection class action suit brought by Meryem Bentaous against Asset Acceptance, LLC and Fulton Friedman & Gullace, LLP under the Fair Debt Collection Practices Act, the Maryland Consumer Debt Collection Act, and the Maryland Consumer Protection Act.  Asset Acceptance sued Bentaous in the Maryland District Court for a debt she incurred under a credit card for the purchase of Dell computer equipment.  Fulton Friedman represented Asset Acceptance in the Maryland District Court case.  According to plaintiffs, defendants violated the statutes upon which she relies by misrepresenting in the Maryland District Court case that a four-year statute of limitations, rather than a three-year statute of limitations, applied.

Defendants have filed a motion to compel arbitration and to dismiss.  The motion will be granted except that the action will not be dismissed but, instead, will be stayed and administratively closed pending the arbitration proceedings.

I.

On January 10, 2005, Bentaous opened a Dell Preferred Account on line through Dell Financial Services, L.L.C. ("DFS").  This was a consumer credit account to be used solely for the purchase of products sold by Dell.  According to records maintained by DFS, Bentaous

1

accepted the terms and conditions of the account by indicating "Y" on the "Terms_Accept" line.

Bentaous, who has a bachelor's degree in economics and once worked as a customer service

officer at a bank, testified on deposition "I don't recall that. Probably have something like that,

but I don't recall it. I just remember that I put my information, bought the computer." The

account was a line of credit account entered into with CIT Oneline Bank. Asset Acceptance is

the successor in interest to CIT Online Bank. The terms and conditions of the account included

an arbitration provision.

Bentaous purchased Dell equipment under the credit card account and made payments on

the account until September 1, 2009. She made no payments thereafter. In April 2010 the

account was charged off, with Bentaous still owing $2,239.57. The Maryland District Court

action against Bentaous was filed more than three years but less than four years after her last

payment. Asset Acceptance alleged that a four year statute of limitations applied. When filing

the action, Asset Acceptance checked off a box indicating that its proof of the existence of the

debt was based on a "[b]ill or other record reflecting purchase, payments, or other use of credit

card or account by the defendant." Asset Acceptance checked another box saying that "proof of

terms and conditions . . . [d]oes not apply because the consumer debt is an unpaid balance due on

credit card, the original creditor is or was a financial institution subject to regulation by the

Federal Financial Institution Examination Council or constituent federal agency of that Council,

and the claim does not include a demand or request for attorney's fees or interest on the charge-

off balance in excess of the Maryland Constitutional rate of 6 percent per annum." Asset

Acceptance eventually voluntarily dismissed the law suit against Bentaous.

II.

Bentaous does not generally argue against enforceability of the arbitration provision. Rather, she contends that defendants have not demonstrated that she is subject to the arbitration provision. First, she relies upon her deposition testimony that she does not recall having placed a "Y" on the "Terms_Accept" line. Obviously, a statement that someone does not recall something does not constitute a denial that the event occurred, particularly where, as here, is immediately followed by further testimony that "[p]robably have something like that, but I don't recall it."

Second, plaintiff argues that defendants have not demonstrated that she is subject to the arbitration provision because CIT Online Bank has no records establishing her acceptance of the terms and conditions. DFS, however, does have such a record, and it was DFS that maintained all documents for the CIT accounts. Moreover, the testimony of a representative of DFS established that it was DFS' practice to mail a copy of the terms and conditions in the "Welcome letter" to persons who opened credit card accounts, and again Bentaous' only response is that she does not recall having received the Welcome letter.[1]

Finally, Bentaous accepted the terms and conditions by keeping the computer equipment she initially purchased and by using the account to purchase additional computer equipment over the years. *See Whitman v. Capital One Bank (USA), N.A.,* 2009 WL 4018523 (D. Md. Nov. 19, 2009).

III.

---

[1] The deposition testimony and the affidavit upon which defendants rely clearly is not hearsay and is sufficient to establish the facts set forth in the deposition and affidavit. Although the representative testified that he did not have firsthand knowledge "of the process involved when accounts are opened, actually, at Dell, "because he did not manage the process, he further testified that he knew "the general practice with Dell, when a customer opens an account with us." Further, he testified that he had personal knowledge of the process by virtue of the fact that he had opened his own account with Dell years ago.

Bentaous also contends that defendants are judicially estopped from relying upon the terms and conditions, which include the arbitration provision, in this action by virtue of the position that Asset Acceptance, LLC took in the Maryland District Court action. As an initial matter, it is to be noted that Fulton Friedman & Gullace was not a party to the Maryland District Court action (although it did represent Asset Acceptance). In any event, there is no basis for applying the judicial estoppel doctrine here.

The Fourth Circuit has cautioned that judicial estoppel should be applied only "in the narrowest of circumstances" and "with caution." *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996). For the doctrine to apply, three elements must be proven: (1) that the party against whom the doctrine is invoked adopted a factual position in the current litigation that is inconsistent with one taken in the initial collection law suit, (2) the court adopted the party's factual position in the prior action, and (3) the party against whom the doctrine is sought to be invoked intentionally misled the court to gain an unfair advantage. *See John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28-29 (4th Cir. 1995). Here, Bentaous has not established any of these elements. Asset Acceptance did not adopt in the prior litigation a factual position inconsistent with its present position, or intentionally mislead the Maryland District Court in the prior action. Rather, it simply stated that it was relying upon a "[b]ill or other record" to establish the existence of a debt and that proof of terms and conditions "does not apply" because of the reasons stated in the box which is checked. Moreover, the Maryland District Court did not adopt any position in the prior suit because that suit was voluntarily dismissed.[2]

---

[2] Apparently, Asset Acceptance sued persons other than Bentaous in the Maryland District Court, voluntarily dismissing five of the actions and obtaining a judgment against the defendant in the other cases. What happened in other cases seems to be irrelevant in light of the fact that the judicial estoppel doctrine has only been applied in cases where a litigant took inconsistent positions in the current and a prior case against the same opponent. In any event, for the reasons

4

A separate order effecting the ruling made in this memorandum is being entered herewith.

Date: *11/4/7*

_____
J. Frederick Motz
United States District Judge

---

stated in the text, there is no inconsistency in the position taken by the defendant in the present case and Asset Acceptance's position in the Maryland District Court case.